1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAMONT A. HOUZE, II,

12              Petitioner,              No. 2:12-cv-0686 GEB AC P

13        vs.

14   STATE OF CALIFORNIA,

15              Respondent.             FINDINGS & RECOMMENDATIONS

16   _____/

17              Petitioner is a former state prisoner who is proceeding pro se and in forma

18   pauperis on a petition for relief under 28 U.S.C. § 2254.  In 2009, following a jury trial,

19   petitioner  was convicted of stalking and was sentenced to two years in prison.

20              On May 31, 2012, the court directed respondent to respond to the petition.  See

21   ECF No. 14.  Respondent has now moved to dismiss the petition for lack of jurisdiction.  See

22   ECF No. 19.  Petitioner opposes the motion to dismiss (ECF No. 22), and has also filed two

23   motions for summary judgment (ECF Nos. 18, 21).  For the reasons outlined below, the

24   undersigned recommends that the court grant respondent's motion to dismiss, and deny

25   petitioner's motions for summary judgment as moot.

26   ////

1

### *Procedural Background*

On July 23, 2009, petitioner was convicted by jury of felony stalking in violation of Cal. Penal Code § 646.9(a).  Lodged Documents ("Log. Doc.") 1, 2, 3.  On August 20, 2009, petitioner was sentenced to two years, and was awarded 189 days of credits (including 62 days "Local Conduct Credits").  Log. Doc.  1, 2.

On May 20, 2010, the state Superior Court granted petitioner's motion to correct his credits under Cal. Penal Code § 4019.  Log. Doc.  3.  Petitioner's credits were adjusted to 253 days, with 126 days Local Conduct Credits.  Id.

On June 10, 2010, petitioner filed his first federal habeas petition in this court, Houze v. State of California, Case No. 2:10-cv-1479 GEB GGH ("Fed. Pet. 1").  Petitioner noted that his direct appeal was still pending at the Third Appellate District.  See Case No. 2:10-cv-1479, ECF No. 1 at 2.  Petitioner raised the following claims in Fed. Pet. 1: (1) investigating officer's testimony conflicted with that of victim; (2) petitioner was incorrectly charged with a felony instead of a misdemeanor; and (3) "no malicious act or intent to cause fear was stated by alleged victim."  Id. at 4-5.

On August 16, 2010, after directing petitioner to show cause and receiving his response, the magistrate judge recommended that Fed. Pet. 1 be dismissed without prejudice for failure to exhaust.  See Case No. 2:10-cv-1479, ECF No. 10.  The magistrate judge noted that this court would not interfere with the petitioner's direct appeal.  Id.  On September 24, 2010, the district judge adopted the findings and recommendations in full, and dismissed the petition without prejudice.  See Case No. 2:10-cv-1479, ECF No. 11.

On March 22, 2011, the state Court of Appeal, Third Appellate District adjusted petitioner's Local Conduct Credits to 127 days, and affirmed the sentence as modified.  See Log. Doc.  4 (Case No. C062854).  The issues raised in petitioner's appeal were: (1) introduction of uncharged acts, including evidence of petitioner's stalking another woman; (2) admissibility of "other crimes" evidence; (3) sufficiency of the evidence, because petitioner alleged that the

prosecution failed to prove that petitioner made a credible threat of violence against the victim; and (4) calculation of conduct credits. Id. The court specifically noted that substantial evidence supported the conviction. See id. at 13.

On April 18, 2011, petitioner filed a petition for review with the state Supreme Court. See Log. Doc. 5 (Case No. S192294, ("State Pet. 1")). Petitioner argued that: (1) his charge should be reduced to a misdemeanor; (2) the elements of stalking were not proved (specifically, there was no malicious act, there was no credible threat, and petitioner did not intend to cause fear in the alleged victim); and (3) he received ineffective assistance of counsel, because his appellate attorney did not raise the two prior arguments in the Court of Appeals. Id.

On June 8, 2011, the state Supreme Court denied State Pet. 1 without citation to any authority. Log. Doc. 6.

On June 9, 2011, petitioner filed his second federal habeas petition in this court. See Houze v. State of California, Case No. 2:11-cv-1549 GEB GGH ("Fed. Pet. 2"), ECF No. 1. The issues raised in Fed. Pet. 2 are: (1) the statute under which petitioner was charged defines his offense as a misdemeanor; (2) conflicting testimony between investigating officer and victim; (3) no malicious act was ever committed by petitioner; and (4) no threat was ever made. Id. at 4-5.

On June 27, 2011, petitioner was released from custody. Log. Doc. 7.

On January 26, 2012, the magistrate judge issued findings and recommendations in Fed. Pet. 2. See Case No. 2:11-cv-1549 GEB GGH, ECF No. 21. The magistrate judge found that petitioner had exhausted his claim that he had never made a threat, but that the other claims were unexhausted. Id. As petitioner had not requested a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), and as the magistrate judge independently found no good cause to support a stay, the magistrate recommended dismissing the mixed petition without prejudice, pursuant to Rose v. Lundy, 455 U.S. 509 (1982). Id.

On January 31, 2012, petitioner filed his third federal habeas petition in this court.

<u>Houze v. State of California</u>, Case No. 2:12-cv-0251 LKK DAD ("Fed. Pet. 3").  The issues raised in Fed. Pet. 3 are: (1) inconsistent testimony between victim and investigating officer; and (2) petitioner's crime should have been charged as a misdemeanor.  <u>See</u> Case No. 2:12-cv-0251, ECF No. 1.

On February 8, 2012, petitioner filed objections to the magistrate's findings and recommendations in Fed. Pet. 2, in which he advised the court that he had filed a habeas petition with the state Supreme Court.  <u>See</u> Case No. 2:11-cv-1549, ECF No. 22 at 4.

On February 14, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  <u>Houze v. State of California</u>, Case No. S200094 ("State Pet. 2").  A copy of the petition is included in the record of the instant case.  <u>See</u> ECF No. 12 at 3-16.  The issues raised in State Pet. 2 are: (1) petitioner should have been charged with a misdemeanor, not a felony; (2) conflicting testimony of investigating officer and victim; (3) the elements of the crime were not supported by the record (i.e., no willful following; no malicious act; no threat); and (4) ineffective assistance of appellate counsel.  <u>Id.</u>

On February 15, 2012, the district judge adopted the findings and recommendations in Fed. Pet. 2, and dismissed the action without prejudice.  <u>See</u> Case No. 2:11-cv-1549, ECF No. 24.

On March 2, 2012, the magistrate judge issued findings and recommendations in Fed. Pet. 3.  <u>See</u> Case No. 2:12-cv-0251, ECF No. 6.  The magistrate noted the prior decisions in Fed. Pet. 2, and wrote that "[f]or the same reasons discussed in Magistrate Judge Hollows' findings and recommendations in [Fed. Pet. 2], the court finds that the claims in petitioner's pending habeas are unexhausted.  In this regard the court notes that in his form habeas petition filed in this action, petitioner acknowledges that [he] has still not presented any of his claims to the California Supreme Court on direct appeal or through a petition for writ of habeas corpus."  <u>Id.</u> at 3-4.

On March 9, 2012, petitioner filed a second petition for writ of habeas corpus in

4

the state Supreme Court (Case No. S200721, ("State Pet. 3")).  This petition is reflected in the

Supreme Court's records; however, there is nothing in the record before this court documenting

what was actually raised in the petition.[1]  According to petitioner, State Pet. 3 was a duplicate of

State Pet. 2.  See ECF No. 1 at 8.

On March 14, 2012, the California Supreme Court denied State Pet. 2.  ECF No.

11 at 3.

On March 19, 2012, petitioner filed his fourth federal habeas petition, initiating

the instant case ("Fed. Pet. 4").   The issues raised in this petition are: (1) petitioner should have

been charged with a misdemeanor; (2) the investigating officer falsified a witness statement; (3)

prosecution did not present sufficient evidence of the necessary elements of stalking; and (4)

appellate counsel was ineffective because he failed to argue that the evidence was insufficient as

to anything other than the threat, and because he failed to raise the felony/misdemeanor

argument.  See ECF No. 1 at 4-5.

On March 23, 2012, the state Supreme Court denied State Pet. 3.  See note 1,

infra.

On April 11, 2012, the previously-assigned magistrate judge ordered petitioner to

provide documentation demonstrating exhaustion of the claims in Fed. Pet. 4.  ECF No. 9.

On April 13, 2012, the district judge assigned to Fed. Pet. 3 adopted the

magistrate's findings and recommendations in that case, and dismissed the action without

prejudice for failure to exhaust his state court remedies.  See Case No. 2:12-cv-0251, ECF No. 7.

On April 16, 2012 and April 18, 2012, petitioner filed responses to the magistrate

judge's order to show cause in this case.  ECF Nos. 11, 12.  On May 31, 2012, the magistrate

judge directed the attorney general to respond to the petition.  ECF No. 14.  On July 24, 2012,

---

[1]  A copy of the Supreme Court's record may be found at
http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=200766
8&doc_no=S200721&search=party&start=1&query_partyLastNameOrOrg=houze.  The site was
last checked by the court on February 6, 2013.

1  respondent moved to dismiss the petition because petitioner does not satisfy the statute's

2  custodial requirement.  ECF No. 19.

3  ### *Claims Raised*

4  In the current petition petitioner raises the following claims:

5  (1) the statute under which petitioner was convicted defines his offense as a

6  misdemeanor, not a felony;

7  (2) the investigating officer falsified the statement of the victim, as victim's

8  testimony was different from that of statement;

9  (3) petitioner did not commit a "malicious act" as required by the statute;

10  (4) petitioner did not make a threat, as required by the statute;

11  (5) petitioner did not intend to cause fear, as required by the statute;

12  (6) petitioner did not repeatedly follow victim, as required by the statute; and

13  (7) petitioner's appellate counsel was ineffective because he failed to challenge

14  the prosecution's evidence on anything except the threat, and because he failed to raise the

15  felony/ misdemeanor argument.

16  See ECF No. 1 at 4-7.

17  As demonstrated by the procedural history set forth above, these claims now

18  appear to have been exhausted by presentation to the California Supreme Court as required by 28

19  U.S.C. § 2244(b)(1).

20  ### *Motion to Dismiss*

21  Respondent moves to dismiss the petition, arguing that petitioner was no longer in

22  custody at the time the current petition was filed.  See ECF No. 19.  Petitioner opposes the

23  motion, arguing among other things that the court retains jurisdiction because it previously

24  dismissed his prior petitions, filed while he was in custody, without prejudice.  See ECF No. 22.

25  28 U.S.C. § 2254 provides that district courts

26  shall entertain an application for a writ of habeas corpus in behalf of a

1   person in custody pursuant to the judgment of a State court only on the
2   ground that he is in custody in violation of the Constitution or laws or
    treaties of the United States.

3   See also, e.g., Maleng v. Cook, 490 U.S. 488, 490 (1989).

4   The Supreme Court has held that a habeas petitioner seeking relief under § 2254

5   must be "in custody" at the time the petition was filed. Carafas v. LaVallee, 391 U.S. 234, 238

6   (1968) (noting that purpose of writ is "to provide an effective and speedy instrument by which

7   judicial inquiry may be had into the legality of the detention . . . ); see also Bailey v. Hill, 599

8   F.3d 976, 978 (9th Cir. 2010). The custody requirement goes to the existence of subject matter

9   jurisdiction. Maleng, 490 U.S. 490, 494. Once jurisdiction attaches, a petitioner's subsequent

10  release from custody during the pendency of an action does not deprive the federal habeas court

11  of continuing jurisdiction. Bailey, 599 F.3d at 979; Tyars v. Finner, 709 F.2d 1274, 1279 (9th

12  Cir. 1983). In other words, release does not moot a habeas case that was filed while the

13  petitioner was in custody. Carafas, 391 U.S. at 237-38.

14  For purposes of habeas jurisdiction, "custody" includes not only present

15  incarceration but status as a parolee. Jones v. Cunningham, 371 U.S. 236, 242 (1963). Where a

16  sentence is fully expired prior to filing of the petition, however, a past conviction does not

17  support habeas jurisdiction. Maleng, 490 U.S. at 492.

18  Petitioner was discharged from parole on June 27, 2011. See Log. Doc. 7. This

19  petition was filed on March 19, 2012. Pursuant to the principles set forth in Carafas and Maleng,

20  jurisdiction turns solely on petitioner's custodial status at the time the instant action was filed.

21  Subject matter jurisdiction cannot carry over from a previous case that has been dismissed. Even

22  a dismissal without prejudice has the effect of closing that action and terminating jurisdiction.

23  Dismissal "without prejudice" means that petitioner is not barred from *filing* a subsequent action

24  regarding the same matter, but it does not guarantee that the court will have jurisdiction over

25  such an action. Because petitioner was not "in custody" at the time the instant petition was filed,

26  this court lacks jurisdiction and respondent's motion must be granted.

In light of petitioner's arguments, the undersigned has considered whether the instant petition should be construed as a motion under Fed. Rule Civ. Proc. 60(b) to reopen Case No. 2:11-cv-1549 GEB GGH (Fed. Pet. 2). Pleadings filed by pro se prisoners are to be liberally construed. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Petitioner's federal petitions have consistently attempted to raise the same set of related claims (in various combinations), and his history of federal and state court efforts demonstrates a diligent attempt to exhaust those claims and obtain federal review on the merits. Petitioner's argument in opposition to the motion to dismiss emphasizes that he was in custody when his second federal petition was filed, and that the court's jurisdiction over that action should extend to this one. Petitioner urges in effect that the instant petition should be treated as part of the previous case, as if a stay had been granted in that case pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In short, it appears to the undersigned that the petition in this case could reasonably be construed as a motion for relief from judgment in Case No. 2:11-cv-1549 GEB GGH, on grounds that petitioner's attempts to comply with previous orders regarding exhaustion have resulted in a jurisdictional bar that could have been avoided by a Rhines stay.

When the magistrate judge in Case No. 2:11-cv-1549 GEB GGH sua sponte considered and rejected the possibility of a stay pending exhaustion, he failed to consider the fact – readily discernible from the record – that petitioner's custodial status had expired during the pendency of the case.[2] Therefore, the dismissal "literally and immediately extinguished [petitioner's] right to federal habeas review." Jefferson v. Budge, 419 F.3d 1013, 1017, n.4 (9th Cir. 2005) (discussing consequences of dismissing mixed petition without prejudice, but without providing petitioner the option to proceed on exhausted claims only, after statute of limitations

---

[2]    The face of the petition itself contained the facts that petitioner had been sentenced on August 20, 2009 to a two-year term of imprisonment at "half time," and was on parole and living at a residential address in Sacramento when the petition was filed on June 9, 2011. Case No. 2:11-cv-1549 GEB GGH, ECF No. 1 at 1. The CDCR Chronological History lodged by respondent documents petitioner's discharge from parole pursuant to Cal. Penal Code § 3001(a) on June 27, 2011. Log. Doc. 7.

1  had expired).

2      Rhines, supra, provides that the federal habeas court may stay a mixed petition for

3  good cause pending further exhaustion.  The Supreme Court adopted this rule to address the

4  problem of habeas petitioners who, due to dismissal of their mixed petitions in the context of

5  AEDPA's statute of limitations , "run the risk of forever losing their opportunity for any federal

6  review of their unexhausted claims."  Rhines, 544 U.S. at 275.  The same risk is run by a

7  petitioner who satisfies the custody requirement when a mixed petition is filed, but who is no

8  longer "in custody" within the meaning of the statute when the federal court chooses to dismiss

9  or stay the petition.  In the timeliness context, any abuse of discretion in denial of a stay can be

10  remedied by application of equitable tolling to render a later filed and newly exhausted petition

11  timely.  See Jefferson, supra (granting equitable tolling where mixed petition had been

12  improperly dismissed).  No such option is available in the context of the custody requirement

13  because it, unlike the statute of limitations, is jurisdictional.  Compare Maleng, 490 U.S. 494

14  (custody requirement is jurisdictional); Holland v. Florida, __ U.S. __, 131 S. Ct. 2549, 2560

15  (2010) (equitable tolling available because statute of limitations not jurisdictional).

16      These considerations weigh in favor of construing the instant petition as a Rule

17  60(b) motion, so that the court might have an opportunity in Case No. 2:11-cv-1549 GEB GGH

18  to revisit its denial of a stay in light of petitioner's changed custodial status.  On the other hand,

19  even if the court had considered petitioner's custodial status in the Rhines context, a stay would

20  have been appropriate only if (1) petitioner had good cause for his failure to exhaust his claims

21  before bringing the federal petition, and (2) the claims were not "plainly meritless."  Rhines, 544

22  U.S. at 277.  Regardless of petitioner's reasons for failing to exhaust all his claims prior to

23  seeking federal relief, and assuming good cause, it would have been an abuse of discretion to

24  stay Case No. 2:11-cv-1549 GEB GGH because the claims are plainly meritless.  Id.  ("even if a

25  petitioner had good cause for that failure [to exhaust], the district court would abuse its

26  discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

1    Petitioner claims that the prosecutor wrongly decided to charge him with a felony

2  instead of a misdemeanor, that the state court of appeals wrongly determined that there was

3  sufficient evidence to convict him, and that his appellate counsel was ineffective for not

4  challenging the evidence or charging decision.   None of these claims have potential merit.

5    The charging claim presents a state law question that does not implicate any

6  federal constitutional or federal law concerns.  See Estelle v. McGuire, 502 U.S. 62, 67-68

7  (1991) (federal habeas relief does not lie for errors of state law).  Moreover, petitioner misreads

8  the applicable statute.  California law provides that stalking is generally a "wobbler" that may be

9  charged as either a misdemeanor or a felony.  Cal. Penal Code § 646.9(a).  Where a restraining

10  order was in effect at the time of the alleged stalking, the offense must be charged as a felony.  §

11  646.9(b).  Petitioner contends that stalking may be charged as a felony *only* when a restraining

12  order is violated, but this argument misreads the statute.

13    Petitioner's challenge to the sufficiency of the evidence at least theoretically

14  implicates due process principles.  See Jackson v. Virginia, 443 U.S. 307 (1979).  However, a

15  federal habeas court may only set aside a jury verdict on this ground if no rational trier of fact

16  could have agreed with the jury.  Jackson, 443 U.S. at 319.  Under AEDPA, a state appellate

17  decision finding sufficient evidence is entitled to almost insurmountable deference.  See Cavazos

18  v. Smith, __ U.S. __, 132 S. Ct. 2, 6 (2011) (overturning grant of habeas relief under Jackson in

19  shaken baby homicide case, where the only evidence of abuse was a factually unsupported and

20  medically discredited expert opinion), reh'g denied, 132 S.Ct. 1077 (2012).  The court must

21  assume that all credibility and other evidentiary conflicts were resolved at trial in favor of the

22  prosecution, and all inferences drawn in favor of the prosecution, and must defer to those

23  findings.  Cavazos, 132 S. Ct. at 6 (citing Jackson, 443 U.S. at 329).  The California Court of

24  Appeal reviewed the trial record in this case under the correct standard, and explained why the

25  evidence was sufficient to establish the elements of the offense.  People v. Houze, 2011 Cal.

26  App. Unpub. LEXIS 2102 (Cal. Ct. App. 2011) (unpublished opinion).  Under Cavazos, that

10

finding cannot be disturbed.  Petitioner's quarrels with the jury's interpretation of the evidence and the correctness of the jury's findings cannot support relief in habeas.  See Cavazos, 132 S. Ct. at 4 (even incorrect jury verdicts do not violate due process if they were supported by evidence).

Finally, petitioner's ineffective assistance of counsel claim is not colorable. Appellate counsel's failure to raise meritless issues does not constitute ineffective assistance. See Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001).

Because petitioner's claims are without merit, this court is not confronted with a situation in which an arguably improper dismissal deprived petitioner of the right to merits review.  It is indisputable that the court lacks jurisdiction over the instant petition because petitioner was not in custody when it was filed.   Although a Rhines stay of the earlier mixed petition would have preserved jurisdiction over the claims, such a stay would have constituted an abuse of discretion.  See Rhines, 544 U.S. at 277.  Accordingly, the court need not consider whether it would be proper to construe the instant petition as a Rule 60(b) motion directed to Case No. 2:11-cv-1549 GEB GGH.   The undersigned will recommend that the motion to dismiss be granted.

### *Motions for Summary Judgment*

Petitioner has filed three motions for summary judgment, essentially asking this court to overturn his conviction as a matter of law.  See ECF Nos. 18, 21, 28.  Although it is not evident to the undersigned that summary judgment motion practice is an appropriate vehicle for resolving habeas claims, and overlooking petitioner's failure to comply with the court's local rules governing such practice, this court lacks jurisdiction to adjudicate this petition and so the motions must be denied as moot.

### *Certificate of Appealability*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 19) be granted;

2.  Petitioner's motions for summary judgment (ECF Nos. 18, 21, 28) be denied as moot; and

3.  The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
houz0686.fr

12